IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOMAA MNYOFU | ) |
| | ) |
| Plaintiff, | ) |
| | ) Nos. 03 C 8889 & 03 C 8943 |
| v. | ) |
| | ) |
| CITY OF COUNTRY CLUB HILLS, et al. | ) HONORABLE DAVID H. COAR |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On December 9, 2003, Plaintiff Komaa Mnyofu filed a six-count *pro se* complaint against the City of Country Club Hills and multiple Country Club Hills police officers.[1] *See* Case No. 03-C-8889. On December 11, 2003, Plaintiff Komaa Mnyofu filed a second *pro se* complaint against the City of Country Club Hills, its mayor, its police chief, and three Country Club Hills police officers for violation of his constitutional rights and intentional infliction of emotional distress. *See* Case No. 03-C-8943. The 03-C-8943 complaint arose from Mnyofu's arrest by Country Club Hills police on December 9, 2003, shortly after he filed Case No. 03-C-8889. Mnyofu contends that the arrest was retaliation against him for filing Case No. 03-C-8889. Case No. 03-C-8943 was initially assigned to Judge Zagel, but was reassigned to this Court for

---

[1] Interestingly, Plaintiff filed an identical complaint against the same defendants which was assigned to Judge Pallmeyer. *See* Case No. 03-C-9305. Defendants' counsel contacted Plaintiff's counsel in both Case 03-C-9305 and Case 03-C-8889 and requested that Plaintiff determine which case he wished to proceed with and which attorney would represent him. On April 15, 2004, Plaintiff entered a Notice of Dismissal pursuant to Rule 41 in Case No. 03-C-9305.

-1-

relatedness on July 30, 2004. The defendants, by the same motion, have moved to dismiss Case No. 03-C-8889 and Case No. 03-C-8943.

Several months after he filing his complaints, Plaintiff retained counsel, and in April 2004, brought an amended complaint in Case No. 03-C-8889 against the City of Country Club Hills and two individual Country Club Hills police officers for violation of his constitutional rights, 42 U.S.C. § 1983, and common law false arrest and intentional infliction of emotional distress. Plaintiff discharged his counsel in May. In June 2004, a second attorney filed an appearance for Plaintiff in Case No. 03-C-8889. On June 21, 2004, the defendants, with leave of court, filed their answer to the complaint. Defendants filed an Initial Status Report And Proposed Rule 16 Scheduling Order with the Court on June 18, 2004. In this report, defendants represented that they had been unable to reach Plaintiff's counsel to coordinate the scheduling report. But on the same day, defendants filed an Initial Joint Status Report And Proposed Rule 16 Scheduling Order with the Court, in which they stated that counsel for both sides had met and conferred on the proposed discovery plan. It is unclear from the record whether these filings, which appear to contradict one another, are accurate. At any event, this Court held a Rule 16(b) hearing on June 21, 2004 and entered a schedule for the case, requiring all Rule 26(a)(1) disclosures to be made by July 30, 2004, and setting a discovery cut-off date of October 18, 2004. On August 16, 2004, Plaintiff filed a Motion to Clarify Minute Order of 6/18/04 and Motion to Modify 16(b) Schedule, which was denied. Plaintiff then filed a *pro se* motion to discharge his counsel for cause on August 23, 2004, followed on August 24, 2004 by Plaintiff's counsel's motion to withdraw. This Court denied Mnyofu's motion to discharge and granted counsel's motion to withdraw in a minute order dated September 1, 2004.

On October 25, 2004, defendants filed a motion to dismiss both complaints "due to plaintiff's abject refusal to comply with discovery in this case." (Defs.' Mtn. To Dismiss, at 1.) This Court set November 16, 2004 as the deadline for Plaintiff's response to the motion to dismiss. Plaintiff did not respond. Instead, on January 18, 2005, Plaintiff filed a motion for appointment of counsel and a motion to proceed *in forma pauperis*. These motions were stricken on February 14, 2005, because Plaintiff did not present them as required by Local Rule 5.3(b). On February 28, 2005, this Court dismissed Case No. 03-C-8889 and Case No. 04-C-8943 for want of prosecution.

Ten months later, on December 8, 2005,[2] Plaintiff filed a motion to vacate this Court's February 14 and 28, 2005 orders and a motion for leave to re-file. Over defendants' objections, this Court granted Plaintiff's motions and stated that it would rule on the pending motion to dismiss.[3]

After review of the record, this Court denies defendants' motion to dismiss. Defendants allege that Plaintiff failed to respond to written discovery, despite written requests. In addition, the Plaintiff failed to provide a working telephone number or fax number in his pleadings or appearances with this Court. But Plaintiff sent a letter to defendants' counsel via fax on October 4, 2004, in which he requested compliance with 24 subpoenas which had been improperly served on Country Club Hills officials and employees. Defendants responded that day and provided copies of certain documents identified in defendants' Rule 26 disclosures, but which Plaintiff

---

[2] In his motion, Plaintiff stated that his claims would be barred by state statute as of December 9, 2005.

[3] Defendants filed a motion for reconsideration of the Court's decision to grant Plaintiff's motion to vacate. That motion was denied.

had never requested. Defendants also enclosed notices for depositions of Plaintiff and two witnesses previously identified as having pertinent knowledge about the case. On October 12, 2004, the day before his scheduled deposition, Plaintiff called the offices of defendants' counsel and unilaterally cancelled his deposition. In an email sent at 9:34 p.m. that evening, Plaintiff stated that his overdue responses to initial written discovery requests would be delivered by October 15, 2004. The following Monday, Plaintiff again emailed, stating that the written discovery responses would be delivered by Wednesday, October 20, 2004. As of the date of the motion to dismiss, October 25, 2004, defendants had received no responses and Plaintiff had not attempted to reschedule his cancelled deposition. The defendants contend that "the only discovery with which the *pro se* plaintiff has deigned to participate in this case was his submission – on the date of the discovery cutoff – of interrogatories to two of the individual defendants." (Def.'s Mtn. To Dismiss, at 4.)

The proper response to a party's failure to cooperate in discovery is to file a motion to compel under Rule 37(a) of the Federal Rules of Civil Procedure. The record does not indicate that defendants filed any discovery motions.[4] If a court enters an order to compel and the noncooperating party refuses to comply, then the court may sanction that party up to and including dismissal of the action.

In response to a party's failure to attend his own deposition or to serve answers to properly-served interrogatories, however, the court "may make such orders in regard to the failure as are just" and "may take any action authorized under subparagraphs (A), (B), and (C)"

---

[4] The electronic docket for Case No. 03-C-8889 indicates that the magistrate judge set a schedule in late October 2004, but there is no record of any discovery motion filed and the case file contains no discovery motion of any kind.

of Rule 37(b)(2), including dismissal of the action. The moving party must include a "certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action." Fed.R.Civ.P. 37(d). In their motion to dismiss, defendants state that they appeared when this Court heard Plaintiff's second retained counsel's motion to withdraw,[5] wrote to Plaintiff to seek responses to outstanding written discovery, and responded to Plaintiff's October 4, 2004 letter and email. According to defendants, Plaintiff failed to produce his long-overdue responses to written discovery despite twice giving a date by which he would do so.

Dismissal is a harsh sanction and should be reserved for situations where the offending party has shown willfulness, bad faith or fault. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). This case presents a close call. Mnyofu has allegedly failed to respond to any written discovery requests but has requested that defendants comply with his improperly served subpoenas. He has stated, in writing, that he would provide his written discovery on two separate dates but failed to do so. He did not file a response to the defendants' motion to dismiss his cases by the deadline, or at all. After this Court dismissed Plaintiff's cases for want of prosecution, Plaintiff waited almost ten months before filing a motion to vacate or responding in any way. These are not indications of a party diligently prosecuting his case. This Court has the authority under Rule 37(d) to make such order as is "just" under the circumstances. For that reason, this Court will deny the defendants' motion to dismiss but instead enter, on its own motion, an order to compel.

---

[5] Plaintiff did not appear at the hearing.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is denied. On its own motion, this Court enters an order to compel against Plaintiff, Komaa Mnyofu. Plaintiff shall provide complete responses to defendants' written discovery in Case No. 03-C-8889 and Case No. 03-C-8943 on or before June 15, 2006, and shall arrange with defendants' counsel for his deposition on or before June 15, 2006. If Plaintiff fails to comply with this order, this Court shall dismiss his claims in Case No. 03-C-8889 and Case No. 03-C-8943 with prejudice.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **May 25, 2006**